IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM A. CHEATHAM, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-cv-00741-RAL |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

**RICHARD A. LLORET**                                                                          **March 31, 2022**
**U.S. MAGISTRATE JUDGE**

Kareem Cheatham was denied Social Security benefits by the decision of an Administrative Law Judge ("ALJ"). Mr. Cheatham contends that the ALJ's unfavorable decision was reached in error. *See* Doc. No. 13 (Complaint). In response, the Acting Commissioner of Social Security ("Commissioner") filed a motion to dismiss, arguing that Mr. Cheatham filed his complaint more than two months late and that there are no reasons to justify equitably tolling the time requirement. Doc. No. 21 (Commissioner's Brief), at 3–5. Mr. Cheatham responded by arguing that equitable tolling should be granted in his case because he mistakenly believed he could not both file for Pandemic Unemployment Assistance ("PUA") and pursue review of his Social Security benefits claim, hence his delay in filing. Doc. No. 23, at 1–2.

After careful review, I find that Mr. Cheatham's complaint was filed after the sixty-day limitations period for filing an appeal had expired, and that the untimely filing cannot be remedied by equitable tolling. For the reasons set forth below, the

Commissioner's motion to dismiss is granted, Mr. Cheatham's request for review is denied, and the complaint is dismissed with prejudice.

## PROCEDURAL HISTORY

An ALJ issued a decision denying Mr. Cheatham's claim for Social Security benefits on May 22, 2019.[1] Doc. No. 21-1, at 17. Mr. Cheatham subsequently requested the Appeals Council to review the ALJ's decision. *Id.* at 26. The Appeals Council denied Mr. Cheatham's request for review and notified him of this decision in a letter dated October 6, 2020. *Id.* at 22. The letter detailed the actions Mr. Cheatham was required to take to request judicial review of the ALJ's decision. *Id.* at 23–24. Importantly, the letter advised Mr. Cheatham of the limited time (sixty days) that he had to initiate a civil action appealing the ALJ's decision.[2] *Id.* at 24. Mr. Cheatham was also informed that he could, for good reason, ask the Commissioner for an extension of this deadline.[3] *Id.*

On July 2, 2021, Mr. Cheatham, proceeding *pro se*, successfully filed a complaint in this court appealing the ALJ's decision.[4] Doc. No. 13. I deemed the complaint filed on July 29, 2021. Doc. No. 17. On September 2, 2021, I appointed counsel through the Court's Social Security Panel to represent Mr. Cheatham. Doc. No. 20. The

---

[1] All of the facts summarized in this section were taken from the exhibits attached to the Commissioner's motion to dismiss. *See* Doc. No. 21-1.

[2] The letter explained how the sixty days would be calculated. Doc. No. 21-1, at 24 ("The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.")

[3] "If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request." Doc. No. 21-1, at 24.

[4] Mr. Cheatham had originally filed a complaint in this case on February 12, 2021. Doc. No. 2. This complaint was dismissed without prejudice on May 25, 2021 on account of his failure to pay the filing fee. Doc. No. 10.

Commissioner filed a motion to dismiss Mr. Cheatham's complaint as untimely. Doc. No. 21. Mr. Cheatham subsequently filed a response. Doc. No. 23.

After careful review of the parties' filings, I find that Mr. Cheatham's complaint was untimely filed and there are no circumstances that justify equitable tolling.[5]

## DISCUSSION

### A. Standard of Review

Affirmative defenses not listed in Rule 12(b) generally must be asserted in a party's answer. *See Fenimore v. Berryhill*, No. 17-4722, 2018 WL 1942359, at *1 (E.D. Pa. April 24, 2018) (citing to *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *Brown v. Montgomery Cnty.*, 470 F. App'x 87, 90 (3d Cir. 2012). The Third Circuit, however, allows a statute-of-limitations defense to be raised in a motion to dismiss, if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[6] *Brown*, 470 F. App'x at 90 (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

When considering a motion to dismiss, I may consider only "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, *as recognized in In re Lipitor Antitrust Litig.*, 868 F.3d 231, 249 (3d Cir. 2017); *see also Fenimore*, 2018 WL 1942359, at *1. I must "accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Pension

---

[5] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c), including entry of final judgment. *See* Doc. No. 11, 15.

[6] This is known as the "Third Circuit Rule." *See, e.g., Fenimore*, 2018 WL 1942359, at *1; *Brown*, 470 F. App'x at 90.

*Tr. Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.*, 730 F.3d 263, 268 (3d Cir. 2013). I am not bound to "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Id.* (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc)). Only claims that that "lack facial plausibility" should be dismissed. *Id.* (quoting *Morrow*, 719 F.3d at 165).

### B.  Mr. Cheatham's Complaint Was Untimely Filed

To obtain judicial review of an ALJ's unfavorable decision, claimants must file a civil action within sixty days of receiving notice of the decision "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This limitations period serves the interest of the claimant as well as the government. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Not only does this sixty-day period further the traditional purposes of all statutes of limitation,[7] but it also "is a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Id.* Therefore, it must be "strictly construed." *Marty v. Berryhill*, No. 17-03673, 2018 WL 1790343, at *2 (citing *Bowen*, 476 U.S. at 479).

Here, the Appeals Council letter to Mr. Cheatham, informing him of its final decision, was dated October 6, 2020. Doc. No. 21-1, at 22. The sixty-day clock began ticking five days later—October 11, 2020—because Mr. Cheatham did not indicate that

---

[7] As the Supreme Court has explained, "statutory limitation periods are 'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Bowen*, 476 U.S. at 481 n.13 (internal citations omitted).

4

he received the letter at a later date. *See id.* at 24;[8] *see also Marty*, 2018 WL 1790343, at *2 (citing *Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 396–97 (3d Cir. 2003)) ("There is a presumption that the claimant received notice from the Appeals Council within five days from mailing."). In the absence of any tolling, Mr. Cheatham had sixty days to initiate this action, before the limitations period would expire on December 10, 2020. However, Mr. Cheatham's complaint was not filed until February 12, 2021—sixty-four days after the limitations period ended.

Because Mr. Cheatham filed his complaint after the limitations period had run, I must now consider whether equitable tolling is appropriate.

### C. Mr. Cheatham's Reasons for Failure to Timely File Do Not Warrant the Invocation of Equitable Tolling.

The sixty-day limitations period to file an appeal may be equitably tolled in certain circumstances. *See Bowen*, 476 U.S. at 481-82 (finding District Court's tolling of limitation period appropriate because government's "secretive conduct" prevented plaintiffs from timely filing); *see also Marty*, 2018 WL 1790343, at *3. "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).

Equitable tolling should only be employed "sparingly." *Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting *Nat'l R.R. Passenger Corp. v.*

---

[8] "We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5 day period." Doc. No. 21-1, at 24.

*Morgan*, 536 U.S. 101, 113 (2002)). The Third Circuit has recognized that equitable tolling may be appropriate in the following circumstances: "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'"[9] *Id.* (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). The claimant bears the burden of establishing circumstances that justify equitable tolling. *Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 397 (3d Cir. 2003) (citing *Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997)).

Mr. Cheatham claims he neglected to timely file his complaint because he believed he could not both appeal the denial of his Social Security claim and apply for PUA. Doc. No. 23, at 1-2. He also avers that "his prior counsel neither disabused him of this belief nor informed him that he would no longer be represented on his SSI appeal." *Id.* at 2. Mr. Cheatham states that it was only after receiving a letter from his counsel on January 8, 2021 announcing the closure of his case file, as well as the denial of his PUA application, that he felt he could proceed with his appeal but realized he would have to proceed *pro se*. *Id.*

I find that Mr. Cheatham does not establish a basis for invoking equitable tolling. Confusion about the law is typically only a basis for invoking equitable tolling when either the claimant's attorney or the government actively misled the claimant. *See, e.g.*, *Roberts v. Berryhill*, No. 16-5531, 2018 WL 1942417, at *6–7 (E.D. Pa. Apr. 25, 2018)

---

[9] Equitable tolling also may be appropriate when the claimant alleges "that [he] failed to timely appeal because [he] was unable to comprehend [his] right to judicial review as a result of a mental impairment." *Cardyn v. Comm'r of Soc. Sec.*, 66 F. App'x 394, 398 n.2 (3d Cir. 2003). Mr. Cheatham has not alleged that a mental impairment was the reason for not timely filing his complaint.

(Savage, J.) (invoking equitable tolling when employees of the Social Security Administration told the claimant incorrect information about the status of his claim contesting an alleged overpayment, causing him to file his complaint outside the statute of limitations); *Torres v. Barnhart*, 417 F.3d 276, 279–80 (2d Cir. 2005) (ordering an evidentiary hearing into whether to invoke equitable tolling when "a litigant, on the verge of timely filing his own *pro se* complaint, reasonably believe[d] that an attorney, fully cognizant of the time constraints, ha[d] agreed to assist him in filing, only to learn later that the attorney ha[d] done nothing at all"). Mr. Cheatham does not allege that the Social Security Administration misled him, nor does he allege that his prior counsel actively misled him into believing he could not both appeal the denial of Social Security benefits and apply for PUA. He was informed specifically, in the letter from the Appeals Council, of the sixty-day period to file an appeal and preserve his rights. Nevertheless, he missed this deadline. Mr. Cheatham also does not allege any extraordinary situations preventing him from filing his complaint in a timely manner, nor does he allege he filed the claim in the wrong forum. Therefore, I find that Mr. Cheatham has not borne his burden of establishing circumstances that would justify equitable tolling.

## **CONCLUSION**

Based upon the discussion above, the Commissioner's motion to dismiss is granted, and Mr. Cheatham's complaint is dismissed with prejudice. Mr. Cheatham did not initiate this action within the prescribed time period, and I find that there are no grounds for equitable tolling.

BY THE COURT:

*s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**